JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO COUNTY

| | |
|---|---|
| Donna Greene, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br><br><br><br><br><br><br>  -v.-<br><br>Radius Global Solutions, LLC,<br>JHPDE Finance I LLC,<br><br>        Defendant(s). | **'21 CV2128 BEN AHG**<br>Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Donna Greene, (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Radius Global Solutions, LLC (hereinafter referred to as "Defendant Radius") and Defendant JHPDE Finance I LLC (hereinafter referred to as "Defendant JHPDE")

(collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of California, County of San Diego.

8.     Defendant Radius is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at CT Corporation, 330 N Brand Blvd, Suite 700, Glendale, CA 91203.

9.     Upon information and belief, Defendant Radius uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant JHPDE is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at CT Corporation, 330 N Brand Blvd, Suite 700, Glendale, CA 91203.

11. Upon information and belief, Defendant JHPDE uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individual consumers in the State of California;

   b. to whom Defendant Radius sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant JHPDE;

   d. for which the debt was time-barred by the statute of limitations on the date of the collection letter;

   e. and the collection letter included a pay slip;

   f. but failed to advise the consumer that any written acknowledgment or promise signed by the consumer to pay on the account would restart the statute of limitations;

g.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692f et seq.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692f et seq.

c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues,

and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

# **FACTUAL ALLEGATIONS**

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    On a date better known by Defendants, Plaintiff allegedly incurred a debt to the original creditor, Citibank N.A bearing an account number ending in 0846.

23.    Citibank N.A. is a "creditor" as defined by 15 U.S.C. § 1692a (4).

24.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25.    The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically a personal line of credit associated with a Costco Anywhere Visa Card.

26.    The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.    Upon information and belief, Defendant JHPDE purchased Plaintiff's defaulted debt from Citibank N.A. for the purpose of collections.

28.    Defendant JHPDE is a "debt collector" as defined by § 1692(a)(6).

29.    Upon information and belief, Defendant JHPDE contracted Defendant Radius to attempt collection on the Plaintiff for the subject defaulted debt.

30.    According to its own website, Defendant Radius specializes in "debt recovery services" and boasts trustworthy "debt collection services." Defendant

Radius states, "[w]e offer outsourced debt collection services across most industries."

31.    On its pay portal, located at https://paymentportal.radiusgs.com/home, Defendant Radius states "Radius Global Solutions is a debt collector."

32.    Defendant Radius is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.    Defendant JHPDE has policies and procedures in place that govern Defendant Radius's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant JHPDE's control over Defendant Radius's collection practices.

34.    By virtue of the relationship between the two Defendants, Defendant JHPDE exercised control over Defendant Radius while the latter was engaged in collecting the subject debt on behalf of the former.

35.    Defendant JHPDE should be held vicariously liable for any and all violations committed by Defendant Radius.

### *Violation – November 16, 2021 Collection Letter*

36.    On or about November 16, 2021, Defendant Radius sent Plaintiff a collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

37.    Towards the top of the Letter, in relevant part, it states:

Balance Due: $5,976.02

38.    In the body of the text on page one, it states, "The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. If you do not pay the debt, it may continue to be reported to the credit reporting agencies as unpaid for as long as the law permits this reporting."

39.    At the bottom of page three, the collection letter includes a pay slip, including:

a) A "Pay Online" option with the website: www.makethispayment.com

b) Two checkboxes with options to either:

(1) pay the balance due in three installments; or

(2) pay a reduced payment option of $3,286.81.

40.    Defendant Radius failed to advise Plaintiff that any written acknowledgment or promise signed by the consumer to pay on the account would restart the statute of limitations.

41.    The statute of limitations in California allowing creditors and debt collectors to file a lawsuit, in connection with contractual obligations or liabilities, against a debtor is four years. (Code of Civil Procedure S.337).

42.    The subject debt was more than four years old, thus time-barred.

43.    Although, "no such payment of itself shall revive a cause of action once barred", a "writing, signed by the party to be charged thereby" does function as a "sufficient acknowledgment or promise" to start the running of a new period of

time within which the debt collector can sue the consumer for a debt (California Code of Civil Procedure S.360).

44.    The least sophisticated consumer, and the Plaintiff included, was led to believe the subject debt was shielded from a lawsuit.

45.    The Letter states that "you cannot be sued" for the subject debt, when in fact there is still a way for the Plaintiff to be sued. Therefore, the Letter is false and misleading.

46.    Defendant Radius misstated the nature, character, and legal status of the debt.

47.    Ms. Greene was frustrated and distressed after reading this letter.

48.    These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

49.    Defendants' collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

50.    Generally, these representations are material because they are likely to affect a Consumer's choice or conduct regarding how to respond to an allegedly

outstanding debt claim and are likely to mislead Consumers acting reasonably under the circumstances.

51.    Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

52.    As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

53.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.    Defendants violated §1692e:

    a.  As the letter falsely represents the true character and legal status of the debt in violation of §1692e (2); and

b. By making a false and misleading representation in violation of §1692e (10).

57.    By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Donna Greene, individually and on behalf of all others similarly situated, demands judgment from Defendant Radius Global Solutions, LLC and Defendant JHPDE Finance I LLC as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.


Dated: December 23, 2021

                                                THE LAW OFFICES OF
                                                JONATHAN A. STIEGLITZ

                                        By:    /s/ Jonathan A. Stieglitz
                                                Jonathan A. Stieglitz